# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald Stevenson,                         :
                          Petitioner      :
                                          :
              v.                          :    No. 202 C.D. 2022
                                          :    SUBMITTED: September 9, 2022
City of Philadelphia (Workers'            :
Compensation Appeal Board),               :
                          Respondent      :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED: December 12, 2022**


        Claimant Donald Stevenson petitions for review from the order of the Workers' Compensation Appeal Board affirming the decision of the workers' compensation judge (WCJ) granting Employer City of Philadelphia's petition to modify benefits from temporary total disability to temporary partial disability effective July 13, 2020, based upon an uncontradicted impairment rating evaluation (IRE). We affirm.

        Claimant was injured in November 2011 in the course and scope of his employment for Employer as a corrections officer. Claimant was paid benefits pursuant to a notice of temporary compensation payable and various amended notices of compensation payable, the last of which was issued on August 3, 2018. In March 2020, pursuant to the applicable statute and regulations, Employer requested the designation of a physician to perform an IRE. A physician was so

designated, who examined Claimant on July 13, 2020, and prepared an IRE report finding that Claimant had a 20% impairment rating. Employer filed a petition to modify compensation benefits based upon the 20% impairment rating assigned. In July 2021, the WCJ issued a decision and order granting the petition to modify benefits from temporary total disability to temporary partial disability effective July 13, 2020. Claimant did not dispute the IRE determination or submit evidence in opposition to the petition. Rather, he took the position that Act 111 of 2018,[1] which replaced the former IRE provision in the Workers' Compensation Act[2] subsequent to action by our Supreme Court striking the earlier provision in its entirety,[3] was unconstitutional and the IRE premature since he had not received 104 weeks of benefits subsequent to the enactment of Act 111.

The WCJ acknowledged that Act 111 provides that its provisions apply to injuries that occurred prior to its enactment and determined that Act 111 provides that an employee who has received 104 weeks of compensation is required to submit to an IRE. The WCJ further determined that all payments prior to October 24, 2018, the effective date of Act 111, must be included in the 104-week calculation. As the WCJ found that Claimant had received at least 104 weeks of temporary total disability and that the uncontradicted opinions of the IRE physician were credible, she concluded that Employer had met its burden of proving that the IRE evaluation resulted in an impairment rating of 20% (below the statutory 35% required for

---

[1] Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. § 511.3.

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed and replaced by Act 111.

[3] *See Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 161 A.3d 827 (Pa. 2017) (*Protz II*).

continued receipt of temporary total disability) and ordered that the petition to modify to temporary partial disability be granted.

Claimant's appeal to the Board asserted that the retroactive effect and application of Act 111 violated the federal and state constitutions. The Board affirmed and Claimant filed his instant petition for review, in which he raises one issue, whether Act 111 is unconstitutional.

Claimant argues that retrospective application of Act 111 violates vested rights and due process rights guaranteed by the state and federal constitutions and the remedies clause[4] of the state constitution. Claimant further argues that by declaring the prior version of the IRE provision unconstitutional, the Supreme Court put injured workers back under the previous system that rated disability only by loss of earning power and not the IRE process. Claimant contends that Act 111 is unconstitutional because it changed how disability benefits are determined and limited recovery for workers to no more than 500 weeks of future benefits. Thus, he argues that it is a substantive, and not procedural, amendment to the Workers' Compensation Act that may apply only prospectively, i.e., not counting weeks of temporary total benefits prior to Act 111's enactment.

As Claimant acknowledges, we have previously squarely addressed whether there is a vested right in continued receipt of temporary total disability that is violated by the IRE process and concluded that there is not. *Pierson v. Workers' Comp. Appeal Bd. (Consol Pa. Coal Co. LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021). Following *Pierson*, this Court

---

[4] The remedies clause of the Pennsylvania Constitution is found at article I, section 11. It provides in relevant part as follows: "[a]ll courts shall be open; and every man for an injury done him in his . . . person . . . shall have remedy by due course of law, and right and justice administered without sale, denial or delay." Pa. Const. art. I, § 11.

has consistently held that Act 111 does not abrogate or substantially impair a claimant's vested rights in workers' compensation benefits because there is no right to ongoing temporary total disability status. *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 434-39 (Pa. Cmwlth. 2022) (citing cases). We are offered no reason to revisit these binding precedents and decline to do so.

Claimant cites *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020) (*en banc*), for its holdings that Section 3 of Act 111 did not evince a clear intention to apply Act 111 retroactively in its entirety and that Act 111 constituted a substantive change in the law, thus rendering its retroactive application unconstitutional. However, this case is readily distinguishable. Both holdings pertained to the question then at hand, an employer's argument that an IRE performed prior to the effective date of Act 111—under the unconstitutional former Section 306(a.2)—could be used to change a claimant's status to partial disability; it is this question we answered in the negative. *Id.* Further, the Court stated explicitly that if the employer pursued a new IRE under Act 111 following the procedures of Section 306(a.3), it "would be entitled to credit for the weeks of partial disability benefits paid" prior to the effective date. *Id.* at 563. In this case, the IRE of Claimant was performed after the effective date of Act 111.

In light of the foregoing, we affirm.

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald Stevenson, :
              Petitioner :
                          :
            v. : No. 202 C.D. 2022
                          :
City of Philadelphia (Workers' :
Compensation Appeal Board), :
             Respondent :

# O R D E R

AND NOW, this 12th day of December, 2022, the Order of the Workers' Compensation Appeal Board is AFFIRMED.

 

 

-----------------------------------------

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita